WILLIAM LAURISTON GLOVER ET AL. v. MRS. ESTELLE T. COIT ET AL.

Decided May 14, 1904.

**1.—Will—Probate—Judgment.**

A judgment of the district court establishing the due probate of a will, rendered a proceeding brought up by certiorari from the county court, is not defective because the court failed to incorporate the will in the judgment "for identification," where a copy of the will was attached to plaintiffs' petition for certiorari as a part thereof, and defendants' answers referred to it and asked that it be probated, and the judgment refers to it as the will of J. T. C. offered for probate herein.

**2.—Witness—Supporting Declarations.**

Evidence of what a witness has said out of court can not be received to sustain or fortify his testimony; but there is an exception to the rule to the effect that where an effort is made to impeach the credibility of the witness by evidence imputing a design to misrepresent from some motive of interest, or that by reason of some influence operating upon him at the time his statement is a fabrication, it is proper, in order to repel such imputation, to admit evidence of his former declarations which corroborate his testimony, provided they were made at a time when no such motive or influence existed.

**3.—Same—Rule Applied.**

It is no ground for the introduction of such corroborative declarations that other witnesses have merely contradicted the witness sought to be sustained by testifying to a different state of facts. See opinion for case where such supporting declarations were properly excluded both because the witness was merely contradicted and because the declarations were made at a time when the motive to fabricate still existed, if at all.

**4.—Will—Muniment of Title—Irregularity in Probate.**

Where a will appointing an executrix without bond, but failing to provide that no other or further action should be taken in the probate court than the return of an inventory and appraisement, is nevertheless improperly probated as an independent will, such error will not render the will inadmissible as a muniment of title of the property embraced therein.

**5.—Same—Purchaser Pendente Lite.**

Where a will has been duly probated in the county court one who purchases the property conveyed by it during the time in which an appeal to the district court by certiorari could be taken is not a purchaser pendente lite.

**6.—Same—Innocent Purchaser.**

Nor does the fact that the will was irregularly probated as an independent will, and the fact that at the date of the purchase the time for an application for certiorari to the district court had not expired, deprive the buyer of the character of an innocent purchaser and charge him with notice of matters, such as the insanity of the testator or fraud in procuring the title, that would render the will void.

**7.—Same—Sale by Executrix and Sole Devisee Without Order.**

Where the executrix was the sole devisee under the will, and it was probated as an independent will, but improperly so, a sale by the executrix without an order of court was a mere irregularity as against persons who were not creditors of the testator.

**8.—Same—Attorneys as Innocent Purchasers.**

Attorneys who, in satisfaction for their services in probating a will, take from their client, the sole devisee, a deed of land conveyed by the will, are entitled to protection as innocent purchasers as against alleged fraud of the devisee in procuring the will, charged by the contestants in the probate proceedings and adjudged by the decree of probate not to have existed in fact; nor does the irregularity of having the will probated as an independent will subject them to the rule that an attorney who purchases property from a party for whom he recovers judgment loses title when this judgment is reversed for errors apparent upon the record.

Appeal from the District Court of Harrison. Tried below before Hon. Richard B. Levy.

*T. P. Young* and *Chas. E. Carter,* for appellants.

*Scott, Jones & Gardner,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—James T. Coit died in Harrison County, Texas, January 5, 1902, leaving the lands in controversy, which are designated as tracts Nos. 1 and 2, as a part of his estate. He left a will devising all his property to his wife, Mrs. Estella T. Coit, and on the 20th day of January, 1902, she filed an application in the County Court of Harrison County to probate said will, and due notice thereof was given. There was a contest of the probate of the will, but after hearing the same was admitted to probate as the last will and testament of the said Coit, deceased, from which action of the court no appeal was taken. On the 20th day of January, 1902, and before the probate of said will, Mrs. Estella Coit conveyed the tract designated as tract No. 1 to Mrs. M. E. Nevlin, by warranty deed; and on April 18, 1902, the said Mrs. Coit, as the sole devisee under the will, joined by Mrs. Nevlin and her husband, J. N. Nevlin, conveyed to S. T. Scott and S. P. Jones an undivided one-third interest in both of said tracts of land, as a consideration for legal services rendered Mrs. Coit in the probate of the will.

On September 3, 1902, while the judgment probating the will was in full force, Mrs. M. E. Nevlin and her husband, J. N. Nevlin, and Mrs. Coit conveyed to Mrs. M. E. Norwood, for $3000 of her own separate funds, an undivided two-thirds interest in the tract of land designated and known as tract No. 1. September 5, 1902, Mrs. Coit sold and conveyed to Mrs. M. E. Norwood by warranty deed an undivided two-thirds interest in the tract known as tract No. 2, for a consideration of $1500. Afterwards Mrs. M. E. Norwood conveyed this same two-thirds interest in tract No. 2 to appellees S. T. Scott and S. P. Jones.

On January 10, 1903, S. T. Scott, S. P. Jones, M. E. Norwood and her husband, L. H. Norwood, filed suit against appellants James G. Dudley and his wife, Mrs. Dudley, in the District Court of Harrison County, Texas, to remove cloud from their title to the two tracts of land mentioned. After this suit was filed and on February 9, 1903, appellants William Lauriston Glover and others applied for a writ of certiorari to remove the cause and proceedings for the probate of said Coit's will from the County Court of Harrison County to the District Court of said county. This application was granted, and a transcript of the proceedings had in the County Court in the probate of said will was filed in said District Court on the 10th day of August, 1903.

The application for certiorari alleged in substance that the applicants therein were the only heirs at law of James T. Coit, deceased; that the will probated in the County Court was void, should be annulled, and the probate thereof refused, because the same was executed by the deceased while he was insane; and because it was procured from said

Coit by the fraud and artifice of the legatee and devisee therein, Mrs. Estella Coit, in that she fraudulently and falsely represented to the deceased, James Coit, as an inducement to their marriage and with the view of securing his property, that she was a single woman named Estella T. Spaveling, and upon a proposal of marriage from said Coit to her, she represented and pretended that she was free to marry and would make him a good and faithful wife; that the said Coit, believing her statements to be true and believing she was a single woman, did on the 3d day of July, 1900, marry the said Estella; that at the time said representations were made and at the time of said marriage said Estella was a married woman, and had at said dates the following husbands, from neither of whom she had been divorced, to wit: Freeman H. Spaulding, whom she married in Delaware County Indiana, December 22, 1880; August Nash, commonly called Gus Nash, whom she had married on the 24th day of March, 1898, in Fort Worth, Texas, under the name of Tillie Lay. That by said fraudulent marriage the said Estella induced the said James T. Coit to execute to her said will, the said Coit believing her to be his true and lawful wife. In the application for certiorari, S. T. Scott, S. P. Jones, M. E. Norwood, L. H. Norwood, M. M. McPhail, J. G. Allen, Jr., and Mrs. Estella Coit were named as being the parties adversely interested, and each was duly cited and made a party defendant.

In the suit of Norwood et al. to remove cloud from their title appellants Dudley and wife answered, alleging among other things that the will of James T. Coit was void on account of the insanity of the said Coit and the fraud practiced upon him by the said Mrs. Estella Coit substantially as set forth in the petition for certiorari; that S. T. Scott and S. P. Jones comprised the law firm of Scott & Jones, and were the attorneys of Mrs. Coit in the probate of the will, and obtained their interest in the property in controversy for legal services rendered in the probate thereof; that they took notice of the fact that said will was void for fraud, etc., by reason of being the attorneys for Mrs. Coit, and therefore could not claim to be innocent purchasers.

They further alleged that L. H. and M. E. Norwood had actual notice that said will was void for fraud, etc., and hence were not innocent purchasers.

Appellees L. H. Norwood and M. R. Norwood, S. T. Scott and S. P. Jones, answered appellants' application for certiorari, and pleaded that they were purchasers of the land from Mrs. Coit, the devisee under the will of James T. Coit, in good faith for a valuable consideration and without notice that said will was void by reason of the insanity of the said James Coit or of the marriage of the said Estella to another. In the answer they averred facts substantially the same as set out in their petition to remove cloud from their title.

On the 11th day of August, 1903, the case of Norwood et al. v. James G. Dudley et al., No. 10,878, suit to remove cloud from title, was on motion of defendants therein, by order of the court, consolidated with

cause No. 10,910, Wm. Lauriston Glover et al. v. Mrs. Estella Coit et al., application for certiorari to revise the probate of James T. Coit's will. Appellants then pleaded that the will was not an independent will, and that appellees had actual and constructive notice that it was void for the reasons set forth in the application for certiorari.

The consolidated causes were submitted to a jury on special issues, and upon their findings the court rendered judgment establishing the will of James T. Coit as a valid will, and awarded the lands in controversy to appellees. Appellants excepted to the action of the court and prosecute this appeal.

The first error assigned is that "the court erred in failing and refusing to record and incorporate in its judgment the last will of James T. Coit for identification." This is the specific and only purpose for which it is claimed the will should have been incorporated in the judgment. The will is set out in full, attached to appellant's petition as an exhibit and made a part thereof. Appellees' answer refers to this will and prays that it be probated. That portion of the judgment admitting the will to probate reads as follows: "It is therefore decided, adjudged and decreed by the court that the will of James T. Coit, deceased, offered for probate herein, be and the same is hereby admitted to probate and established as the last will and testament of the said James T. Coit, deceased."

Looking to this record we think there can be no difficulty in identifying the will probated, and that, if the failure of the court to have the same copied in the judgment was error, it is not of such materiality as to warrant a reversal of the case.

Appellants' second assignment of error complains of the action of the court in refusing to permit Y. D. Harrison, a witness for appellants, to testify to a declaration made to him by J. H. Lancaster, also a witness for appellant, bearing on the issue of notice to appellees L. H. and M. E. Norwood of facts which it is claimed rendered the will of James T. Coit void. When this testimony was offered the witness Lancaster had testified that he told L. H. Norwood before he bought the land in controversy that James T. Coit had nonresident heirs who would be found, and that he had learned that Mrs. Estella Coit had two living husbands at the time of her marriage to Coit, and that if he, Norwood, did buy the land he would get into a lawsuit. That he went to Norwood as a friend to warn him of trouble. The appellee Norwood had denied that the witness Lancaster made any such statement to him, and had testified that the said Lancaster had fallen out with him several years prior to the date of the trial on account of a business transaction, and was not his friend.

The testimony of the witness Harrison, which was excluded, was offered on the theory that by the contradictory evidence of Norwood an attempt had been made to establish that Lancaster's statement of the conversation with Norwood was a recent fabrication, and that evidence of his having given the same account of the matter at a time

when no motive existed to misrepresent the facts should be received in corroboration of the witness. The witness Harrison testified that he saw Norwood and Lancaster talking together in the city of Marshall, whether before or after Norwood bought he could not say, and that in four or five minutes after they separated, and in the absence of Norwood, Lancaster came to him and repeated a statement which he, Lancaster, had made to Norwood. He would have further testified, had he been permitted to do so, as shown by the bill of exception, that "Lancaster said when he came up to witness, that he had told L. H. Norwood that if he should buy the Coit property he would get into a lawsuit."

We think there was no error in excluding this testimony. There seems to be quite a diversity of opinion as to the circumstances which will render former declarations of a witness admissible in support of his testimony given upon the trial. · The general rule is, that evidence of what a witness has said out of court can not be received to sustain or fortify his testimony. To this general rule, however, there seems to be a well recognized exception, viz., that where an effort is made to impeach the credibility of a witness by evidence imputing a design to misrepresent from some motive of interest, or that by reason of some influence operating upon him at the time, his statement is a fabrication, it is proper, in order to repel such imputation, to "admit evidence of his former declarations which corroborate his testimony, provided such declarations were made at a time when no such motive or influence existed." Aetna Ins. Co. v. Eastman, 95 Texas, 34; Levy v. Fischl, 65 Texas, 311. But it is no ground for the introduction of such declarations that other witnesses have merely contradicted the witness sought to be sustained by testifying to a different state of facts. Greenl. on Ev., sec. 469; 3 Jones on Ev., secs. 871, 872.

No effort seems to have been made to impeach the witness Lancaster by showing that he had made statements contradictory of his testimony given at the trial. His testimony at the trial was simply contradicted and rebutted by that of L. H. Norwood, and could not, for that reason alone, be strengthened by showing that he had made the same statement to Harrison on a former occasion. If it be said that the statement of Norwood that Lancaster was not his friend and had fallen out with him on account of business transactions, was an imputation that Lancaster, because of ill will or unfriendliness, had fabricated the story related on the trial and denied by Norwood, the answer' is that the same motive must have existed, if at all, at the time of the alleged declaration to the witness Harrison. Norwood testified that Lancaster had fallen out with him several years prior to the trial and was not his friend, and the statement was made to Harrison by Lancaster only a few months prior thereto.

The will of James T. Coit appointed Estella Coit executrix thereof, without bond, but failed to provide that no other or further action should be taken in the county court than the return of an inventory and ap- ·

praisement of the property belonging to the estate, and the contention of appellants that such will was not an independent will, and that it was improperly probated as such, is undoubtedly correct. Such error, however, does not in our opinion seriously affect the admissibility of the will in evidence, and the court correctly admitted it upon the trial of this cause, over the objections of appellants. The judgment probating the will was a judgment in rem and vested the legal title of the property therein devised in Mrs. Estella Coit, the devisee named, whether the will was an independent will or not, and regardless of the fact that powers were conferred upon her, as such executrix, by the judgment of the court not authorized by the will. The legal title of the property in controversy having been placed in Mrs. Coit by said judgment, and appellees having purchased the land in controversy from her while said judgment was in force and claiming to be innocent purchasers thereof, the same was admissible as a muniment of their title, notwithstanding the will was erroneously probated as an independent will, and no order of the court had been made authorizing the sale of said property.

Were appellees innocent purchasers of the property in controversy, notwithstanding Mrs. Estella Coit may have practiced such fraud and deception upon James T. Coit to secure the execution of the will under which they claim as rendered said will void? That they were such purchasers is denied by appellants, and their contention is presented in the seventh, eighth and ninth assignments of error and propositions thereunder, and is substantially as follows: (1) That appellees S. T. Scott and S. P. Jones, having been attorneys for Mrs. Estella T. Coit, the devisee under the will of James T. Coit, in the probate of said will, and having purchased said lands at private sale after said will was probated, took all interest so acquired with notice of all defects which would vitiate and render void the title of said devisee under said will and could not therefore claim to be innocent purchasers, said will being void. (2) That Mary E. Norwood, having bought the interest in the lands claimed by her from Mrs. Estella T. Coit, at a private sale after the probate of said will, which was not an independent will, and before the time had expired by law in which a writ of certiorari could be applied for and obtained to revise and reverse the proceedings and probate of said will, took as purchaser pendente lite and with notice of all defects which would render the title of Mrs. Coit void under the will.

In our opinion neither of these propositions should be sustained. The will of James T. Coit had been probated and judgment entered in the county court establishing the same as his last will and testament, and said judgment was in full force at the time appellees purchased the property. This judgment was rendered in a court of competent jurisdiction, as a judgment in rem, and binding on the heirs of James T. Coit, deceased, and all other persons until revoked or set aside. While in force its correctness could not be denied or the validity of the devise in the will thereby probated, disputed. The judgment being one in rem and absolutely binding until reversed or annulled, appellees will not be regarded

as purchasers pendente lite because the time had not expired in which a writ of certiorari could be applied for and obtained to remove the proceedings for the probate of the will to the district court for a trial de novo. Having bought the land sued for while the judgment admitting Coit's will to probate was in force, their title thereto could not be affected by proceedings subsequently instituted and resulting in the reversal of said judgment and annulling of said will if they were purchasers in good faith for value. That they were such purchasers is well established. The judgment of the county court admitting the will to probate, so long as it remained in force, was conclusive of its correctness and the validity of the will. Steele v. Ram, 50 Texas, 467. But if it be conceded that appellees would not be innocent purchasers, notwithstanding said judgment, if they had knowledge of facts before their purchase which rendered the will void, still that issue was determined by the jury in their favor and their verdict is justified and sustained by the evidence. That the Norwoods paid a valuable consideration for the interest in the property purchased by them is placed beyond controversy by the evidence, and we hold that the legal services rendered by appellees Scott & Jones for Mrs. Coit in and about the probate of the will were valuable considerations upon which they may invoke the rights of innocent purchasers. That the will of Coit was not an independent will and the sale made by the executrix, Mrs. Estella Coit, was without an order of the county court, does not in our opinion seriously affect the question. The rights of creditors are not involved, the executrix was the sole devisee under the will, and the irregularity in the sale in the respect mentioned is not of such character as will defeat the title of purchasers.

Nor does it follow that because Scott & Jones were attorneys for Mrs. Estella Coit in the probate of James Coit's will and purchased their interest in the property at a private sale from the said Mrs. Coit as executrix and devisee under the will, they took such interest with notice of all defects which would vitiate the title of said devisee. We perceive no good reason why they should be charged with notice of such defects, or under the circumstances of this case be placed in a different or more unfavorable attitude than other persons, because the relation of attorney and client existed between them and the devisee under the will. At the time they purchased the will had been admitted to probate and its validity established by the judgment of the county court. This judgment embraced the finding that the charges of fraud and deceit on the part of the devisee, Mrs. Estella Coit, to procure the execution of the will, urged by the contestants in the county court to defeat the probate of the same, was not sustained, and such judgment was conclusive thereof so long as it remained in force. Scott & Jones had the same right to rely on the conclusiveness of said judgment respecting such matters alleged by the contestants in the county court, such as might have rendered the will void, as other persons, and their rights are

to be measured and governed by the same principles and rules of law applicable to other purchasers.

The title of appellees Scott & Jones is not affected by the principle of law that an attorney who purchases property from a party for whom he recovered judgment loses title when this judgment is reversed for errors apparent upon the face of the record. The facts in this case warrant the application of no such doctrine. The only errors committed in the probate of the will in question in the county court, so far as shown by the record before us, are, that the judgment of probate declares Mrs. Estella Coit independent executrix and authorizes her to administer the estate without action of the probate court. Such errors in our opinion would not destroy the force and effect of the judgment, in so far as it operated as a probate of the will and in the establishment of the rights of the devisee thereunder.

There was no reversible error in the charge of the court on drunkenness, bearing on the want of testamentary capacity of the testator, Coit. His mental capacity to understand the nature and effect of the will in question was established by the verdict of the jury, and their finding is clearly justified and supported by the evidence.

After a very careful review and study of the record we have reached the conclusion that the appellees were innocent purchasers of the property in controversy for a valuable consideration, and for that reason the judgment of the court below should be affirmed. This holding renders it unnecessary for us to discuss and decide the proposition urged that the will of James T. Coit is void because of the representation made by the devisee, Mrs. Estella Coit, to him that she was a single woman, when in truth and in fact she had living husbands at the time of her marriage with Coit from whom she was not divorced. For the reasons stated, the judgment of the court below is affirmed.

*Affirmed.*