MATILDA DOWN, by next friend,

*v.*

EVERETT M. DOWN.

[Submitted January 2d, 1912.  Decided February 7th, 1912.] .

1. A resulting trust cannot arise in favor of a husband, in the absence of fraud, under conveyances by him to his wife, through an intermediary, of property already owned by him; the deeds expressing a money consideration and declaration to use of the grantee; the wife being the real grantee, and the intermediary being a mere conduit of title and enjoying no beneficial estate.

2. Where defendant as president of a building and loan association received from it various sums of money to pay to borrowers on the completion of various transactions, he being chargeable therewith as a trustee, the burden was on him to show that the money was either paid over to the borrowers as contemplated or returned to the association, and, in case of his inability to do so, he was personally liable therefor.

3. A recital in a deed of a pecuniary, though a nominal, consideration raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor, and no extrinsic evidence is admissible to contradict the recital, except in the case of fraud or mistake; but this rule does not apply where property is purchased by one person, and title is taken by him in the name of another.

4. Where the deeds from a husband to his wife, through an intermediary, of property previously owned by him, express a money consideration, as paid by the grantees, in the deeds, and a declaration to the use of the grantees, parol evidence of a promise of the wife to reconvey

to the husband, when required by him, is inadmissible to establish a trust in favor of the husband.

5. Where a husband conveyed, through an intermediary, property to his wife, who did not, through false promises, procure the conveyance with intent to deceive her husband, her mere failure to perform a parol promise, originally made in good faith, to reconvey to the husband when required was not fraud sufficient to establish a constructive trust in favor of the husband.

On bill, &c., of wife, by next friend, to enjoin husband from interfering with her possession of certain real estate.

*Mr. Lewis Starr,* for the complainant.

*Messrs. Garrison & Voorhees,* for the defendant.

LEAMING, V. C.

The present controversy involves the ascertainment whether certain real estate is owned by Matilda Down, complainant herein by her next friend, or by her husband, Everett M. Down, defendant and cross-complainant herein. The legal title to the real estate in question now stands in the name of complainant; her husband claims to be the equitable owner and by his cross-bill seeks to compel a conveyance to him of the legal title.

On and prior to July 12th, 1905, the husband was the absolute owner of the property in dispute; on that day, by deed of conveyance in which his wife joined, he conveyed the same to one Percy R. Conner. The deed to Conner is in form an absolute deed of conveyance with an expressed money consideration, full covenants, and declaration to the use of the grantee; but it is admitted that the deed was made to Conner without consideration and for the sole purpose of enabling Conner to hold the naked legal title, and that the equitable title was undisturbed by that conveyance. It is also admitted that Conner held the legal title under the deed referred to until April 8th, 1910, on which date he conveyed the property to complainant, at the request of defendant, her husband. The present suit is to determine whether this last named conveyance vested in Matilda an absolute estate, or whether she holds title in trust for Everett, her husband.

The conveyance from Conner to Matilda was, in form, an absolute deed of conveyance with full covenants and declaration to the use of the grantee and an expressed money consideration. The deed was prepared by the husband and executed by Conner at his request. No writing exists which manifests a trust. Any trust that may exist in favor of the husband of complainant must exist, if at all, by operation of law, either as a resulting trust arising from his having supplied the consideration of the conveyance to his wife without intending a gift, or as a constructive trust arising through fraud, actual or constructive.

At the hearing I entertained the view that a resulting trust could arise in favor of a husband by reason of a conveyance made by him to his wife, through an intermediary, without consideration, although the two conveyances by which the transfer should be affected contained expressed money considerations and full covenants and declarations to the use of the respective grantees. Accordingly, the hearing was conducted upon the theory that proofs could be entertained to rebut the presumption of gift, and if found to be sufficient for that purpose relief could be awarded in behalf of the husband, cross-complainant, to the same extent as in a case in which a husband or father had purchased a property and causes the deed therefor to be made to his wife or son. A further consideration of the subject leads me to the conclusion that I was in error. I am now satisfied that a resulting trust cannot arise in favor of a husband, in the absence of fraud, under a conveyance made by the husband to his wife, through an intermediary, of property already owned by the husband, by deeds of conveyance which express money consideration and declaration to use of the grantee. My reasons for this conclusion are—*first,* because the rule which permits the presumption of a resulting trust to arise from a deed which expresses a money consideration and declares the use to the grantee appears to be confined, in the absence of fraud, to cases in which a *property is purchased* by one person and title taken in the name of another; *second,* even though it should be held that the rule referred to is not confined to cases in which property is purchased by one and title taken in the name of another, a resulting trust cannot arise in favor of a grantor, in the

absence of fraud, under a deed of conveyance expressing a money consideration with declaration to the use of the grantee; and a conveyance from a husband to his wife, through an intermediary, must be regarded as in substance a deed from the husband to the wife.

My views in amplification of the first proposition may be stated as follows: All true resulting trusts may be reduced to two general types, says Professor Pomeroy in *3 Eq. Jur.* § *1031.* First:

"Where there is a gift to A. but the intention appears, *from the terms of the instrument,* that the legal and beneficial estates are to be separated, and that he is either to enjoy no beneficial interest or only a part of it." "The second type includes the cases *where a purchase has been made,* and the legal estate is conveyed or transferred to A, but the purchase price is paid by B."

In explanation of the first type, the learned author says:

"In order that a case of this kind may arise, there must be a true gift so far as the immediate transferee, A, is concerned; the instrument must not even state a consideration, and no valid complete trust must be declared in favor of A or of any other person."

In further explanation of the first type referred to the same author says:

"In this and all other forms belonging to the class under present consideration, there must be no pecuniary consideration coming from the grantee, for such a consideration would raise a trust in his own favor, and clothe him with the beneficial interest. Even if the conveyance merely recites a pecuniary consideration, the same effect would be produced.

"Furthermore, the deed or will must contain no declaration of use covering the whole estate in favor of the grantee or devisee; such declaration of use would raise a trust in his favor, vest in him the beneficial estate to its extent, and so far defeat any resulting trust." · Section 1033.

Judge Story's consideration of resulting trusts in his *Equity Jurisprudence* is, in effect, the same. Touching the second class of resulting trusts above referred to by Professor Pomeroy, he says:

"Where a man buys land in the name of another and pays the consideration money, the land will be generally held by the grantee in trust for the person who pays the consideration money." Section 1201.

And in section 1201a, the same author states that the doctrine is strictly limited to cases where a purchase has been made in the name of one person and the purchase-money has been paid by another. In section 1203, in speaking of the rule that where the purchase is made by a father and the conveyance made to a son the presumption of gift arising from the relationship may be rebutted, the learned author says: "It is perhaps rather to be lamented that it (the presumption of gift) has been suffered to be broken in upon by any sort of evidence of a merely circumstantial nature." In *3 Reed Stat. Fr.* § *891,* the general classification of trusts by operation of law is stated as follows:

"The classification of trusts which Lord Hardwicke makes is most often quoted: 'The two classes of resulting trusts are first, when an estate is purchased in the name of one person, but the money or consideration is given by another, or secondly, where a trust is declared only as to part, and nothing said as to the rest. What remains undisposed of results to the heirs-at-law, and they cannot be said to be trustees for the residue. I do not know in any other instances besides these two, where the courts have declared resulting trusts by operation of law, unless in cases of fraud.' (*Lloyd* v. *Spillet, 2 Atk. 150.*) Under this classification the subject divides itself into: A. Resulting Trusts; and B. Constructive, Implied, or *ex maleficio* Trusts."

In section 922, the same author, speaking of resulting trusts as arising from a purchase by one and title made to another, says:

"A subsequent advance will not by relation attach a resulting trust to the original purchase, for this trust arises from the fact that the money of the real and not the nominal owner formed at the time the consideration of the purchase, and became converted into land."

In *1 Lew. Trusts* *148,* the same classification is made of trusts by operation of law. They are there divided into resulting and constructive trusts. As to resulting trusts the author says:

"Resulting trusts, the subject of the present chapter, may be subdivided into the following classes: First, where an owner or person legally and equitably entitled makes a conveyance, devise or bequest of the legal estate, and there is no ground for the inference that he meant to dispose of the equitable; and, secondly, where a purchaser of property

takes a conveyance of the legal estate in the name of a third person, but there is nothing to indicate an intention of not appropriating to himself the beneficial interest."

Touching the other class of trusts arising by operation of law, namely, constructive trusts, Professor Pomeroy says:

"An exhaustive analysis would show, I think, that all instances of constructive trusts properly so called may be referred to what equity denominates fraud, either actual or constructive, as an essential element, and as their final source." Section 1044.

The foregoing citations from the leading text-writers sufficiently disclose that the doctrine of resulting trusts (and by the term resulting trust is here excluded all trusts arising through fraud, either actual or constructive, and in the classification of fraud may be included accident, mistake, incapacity, undue influence, improvidence, and the acquisition of property with trust funds or in violation of trust duties) arising from conveyances which in terms express a money consideration as having been paid by the grantee or declare the whole use to the grantee appears to be confined to cases in which a purchase is made by one person and title is taken by the purchaser in the name of another. I find nothing in the adjudicated cases in this state that appears to justify the extension of the doctrine of true resulting trusts beyond the boundaries as above defined. As already stated, trusts are sometimes referred to as "resulting trusts" which in some measure have fraud for their foundation, either actual or constructive; but these are excluded from present consideration.

But should it be thought that the views above expressed too closely confine the field of operation of resulting trusts, I think it is clear that the accepted doctrine that a resulting trust cannot arise in favor of a grantor, in the absence of fraud, under a deed of conveyance expressing a money consideration with declaration to the use of the grantee, must be regarded as operative to deny relief to cross-complainant in this suit. This rule of law has been so frequently stated and applied that its amplification is unnecessary. Professor Pomeroy, in *3 Eq. Jur.* § *1036*, states the rule as follows:

"In all the instances belonging to this first form of resulting trust, the intention that the doneè is not to enjoy the beneficial interest, but that a trust is to result, or the contrary intention, must appear expressly or by implication from the terms of the instrument itself by which the property is conveyed. If the instrument is a will, then no extrinsic evidence is ever admissible to show the testator's meaning, nor even to show a mistake. If the instrument is a deed, no extrinsic evidence of the donor's intention is admissible, unless fraud or mistake is alleged and shown. If, therefore, there is in fact no consideration, but the deed recites a pecuniary consideration, even merely nominal, as paid by the grantee, this statement raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor, and no extrinsic evidence would be admitted to contradict the recital, and to show that there is in fact no consideration, except in case of fraud or mistake."

The text above quoted, and the cases of this state here cited, except from their operation, as already pointed out, instances in which property is purchased by one person and title is taken by him in the name of another. The text above quoted from Pomeroy is supported by the following cases in this state: *Baldwin* v. *Campfield,* 8 *N. J. Eq.* (4 *Halst. Ch.*) 891, 903; *Smith* v. *Howell,* 11 *N. J. Eq.* (3 *Stock.*) 349, 359; *Whyte* v. *Arthur,* 17 *N. J. Eq.* (2 *C. E. Gr.*) 521, 523; *Hogan* v. *Jaques,* 19 *N. J. Eq.* (4 *C. E. Gr.*) 123; *Osborne* v. *Osborne,* 29 *N. J. Eq.* (2 *Stew.*) 385; *Slucky* v. *Slucky,* 30 *N. J. Eq.* (3 *Stew.*) 546, 554; *Lovett* v. *Taylor,* 54 *N. J. Eq.* (9 *Dick.*) 311; *Coffey* v. *Sullivan,* 63 *N. J. Eq.* (18 *Dick.*) 296, 303; *Aller* v. *Crouter,* 64 *N. J. Eq.* (19 *Dick.*) 381; *Holten* v. *Holten,* 72 *N. J. Eq.* (2 *Buch.*) 312; *Ashby* v. *Yetter,* 79 *N. J. Eq.* (9 *Buch.*) 196.

But it will be observed that the deed now under consideration was not made by cross-complainant to his wife directly, but through an intermediary to whom cross-complainant had first conveyed the property; the deed immediately in question is not, therefore, a deed in fact executed by cross-complainant. But I think no substantial distinction can be properly made between a conveyance made directly to another and one made through an intermediary where it is admitted that the intermediary was a mere conduit of title and enjoyed no beneficial estate; in substance, the two transactions are the same; in either case the person from whom the real title passed to the

ultimate grantee should be regarded as the real grantor, if the conveyance was, or the conveyances were, by his direction. This view appears to have received the sanction of this court and also of our court of errors and appeals. In *Fretz* v. *Roth, 68 N. J. Eq. (2 Robb.) 516,* the conveyance in question was from a husband to a wife through an intermediary. At *p. 527* the learned vice-chancellor says: "The deed in this case, being upon an express consideration, and the use being declared therein for the grantee, there can be no resulting trust in favor of the grantor. *Coffey* v. *Sullivan (Court of Errors and Appeals, 1901), 63 N. J. Eq. (18 Dick.) 296 (at p. 303)* ; to the citation on *p. 303* thereof, add *Lister* v. *Lister (Chancellor Runyon, 1882), 35 N. J. Eq. (8 Stew.) 49.* The cases which hold that the presumption of a settlement upon a wife overcomes the presumption of a resulting trust in circumstances where the husband pays for property which is conveyed to his wife, but that this presumption in favor of the wife may be overcome by proof, do not apply. This was a direct conveyance from the husband through an intermediary." And on page 524 the following:

"In the first place, there is no testimony of a clear and distinct agreement between the parties made at the time of the conveyance, and if there were it could not be taken advantage of it by this complainant because of the statute of frauds and of the canon of evidence, which forbids the reception of oral proofs to vary written instruments." In the review of *Fretz* v. *Roth, on appeal, 70 N. J. Eq. (4 Robb.) 764,* the language of the learned vice-chancellor last above quoted is quoted with approval; and on page 770 of the opinion of the appellate court the following is said: "Even if it be admitted that the complainant did not understand the legal effect of the deed he gave, it, nevertheless, must be held, under long-settled principles, that he is remediless. He was bound to know that a trust, not manifested in writing, could not be implied in his favor. His deed declared, by its *habendum* clause, the use to be for the grantee. Where a use is declared by a deed operating under the statute of uses, no other use or trust, not expressed in writing, can be shown to result. *Coffey* v. *Sullivan, ubi supra,* and authorities there cited." See also *Osborne* v. *Osborne, supra.*

In reaching the conclusion that the present case is one in which a trust cannot result to cross-complainant by operation of law, a discussion of the evidence upon which such a trust was claimed in his behalf is rendered unnecessary. The testimony of the promise of the wife to reconvey when required by her husband and of the purpose of cross-complainant in making the conveyance, cannot be considered in view of the conclusions here adopted. It may be said, however, that the wife denied the promises attributed to her, and it is indeed doubtful whether the evidence, if it should be considered, could be said to establish the claim of the husband with that degree of certainty required to rebut the presumption of advancement.

The degree of certainty required is defined in *Read* v. *Huff*, *40 N. J. Eq.* (*13 Stew.*) *229, 234,* as follows: "The circumstances relied on must be convincing, and leave no reasonable doubt as to the intention of the party."

A constructive trust cannot arise in this case. No fraud is averred in the cross-bill or established by the evidence. The mere failure or refusal of the wife to perform a parol promise she may have originally made, in good faith, to reconvey the property, is not fraud. *Lovett* v. *Taylor, supra.* The evidence does not justify the conclusion that the deed was procured by the wife through false promises, with a view of trapping or deceiving her husband. I place no reliance upon the testimony of the two children touching statements made by the wife some time after the deed was delivered to her, which statements, if true, might indicate that she had planned to get the title in her name with a view of subsequently repudiating an engagement to reconvey. Nor was the property conveyed substantially all of the property of cross-complainant.

I will advise a decree in conformity to the views herein expressed.