ANN FRANKLIN ET AL. v. SARAH E. BOONE ET AL.

Decided May 31, 1905.

**1.—Will—Undue Influence.**

Arguments, persuasions, solicitations and entreaties by the beneficiaries of a will, to procure the disposition of his property made by the testator, are insufficient to constitute undue influence.

**2.—Harmless Error.**

Where there was no sufficient evidence to justify the submission of the issue of procurement of a will by undue influence, errors in the submission of such issue will not be ground for reversing a judgment sustaining the instrument.·

**3.—Will—Alteration—Charge Construed.**

A charge that any act done by the beneficiary after the execution of a will could not be considered in determining the issues of undue influence or testamentary capacity, could not be understood as denying the right to con— sider such evidence upon the issue of alteration of the will by the beneficiary after its execution.

**4.—Will—Probate—Setting Aside—Burden of Proof.**

In a proceeding to set aside a will after its admission to probate it was proper to charge that the burden of proof was upon the plaintiffs who attacked the will.

**5.—Husband and Wife—Confidential Communication.**

On the issue of mental condition of a testator, evidence of a divorced wife that she left him on account of indecency and inordinate sexual propensity, was protected from disclosure as matter of marital confidence.

**6.—Mental Capacity—Opinion Evidence.**

Though a nonexpert may give his opinion as to mental capacity, based on facts stated, his opinion that the testator was incapable of control or self— government is inadmissible.

**7.—Charitable Bequest—Discretion of Devisee.**

A bequest of all testator's property not specifically devised to "be divided according to her will between my wife and Buckner's Orphan Home" is valid as against heirs attacking the will, no question being raised between the wife and the charitable beneficiary.

Appeal from the District Court of Fannin County. Tried below be- fore Hon. Ben H. Denton.

*Richard B. Semple,* for appellants.—Influence obtained by persuasion, solicitations or entreaties, which would give dominion over the will of the testator to such an extent as to destroy free agency, or constrain him to do what is against his will, and which he is unable to resist, is such an influence as the law condemns as undue when exercised by any one immediately over the testamentary act, whether by direction or indirection, or obtained at one time or another. Barry v. Graciette, 6 Texas Ct. Rep., 381; Bledsoe's Executors v. Bledsoe, 1 S. W. Rep., 10; Schofield v. Walker, 58 Mich., 96; Babb v. Graham, 43 Ind., 1; Mc- Daniel v. Crosby, 19 Ark., 533; In re Hess' Will, 31 Am. St. Rep., 679.

The charge [as to acts of Sarah E. Boone after the will was made]

is meaningless and confusing and influenced the jury to believe that the subsequent acts and conduct of Sarah E. Boone, after said will was executed, constituted no evidence that Sarah E. Boone procured said will by fraud and undue influence. Henry v. Sansom, 2 Texas Civ. App., 150; Gulf, C. & S. F. Ry. Co. v. Harriet, 80 Texas, 73.

Where a will is made by a person of very weak mind arising from age or sickness undue influence by the person benefited by the transaction will be readily inferred and the burden of showing that the transaction is fair is placed upon the one so benefited. Goar v. Thompson, 19 Texas Civ. App., 335; Gulf, C. & S. F. Ry. Co. v. Hill, 5 Texas Ct. Rep., 236; Renn v. Samos, 33 Texas, 765.

Said charge as to burden of proof is erroneous wherein it states that the evidence submitted to the jury was not sufficient in the particulars mentioned in said charge, because such charge is on the weight of the evidence. Mayo v. Tudor's Heirs, 74 Texas, 471; Byers v. Maxwell, 22 Texas Civ. App., 269; Watkins v. Cates, 24 Texas Civ. App., 384; In re Bull's Will, 111 N. Y., 624.

Said charge assumed that J. R. Boone did execute the will in controversy, when one of the material issues in the case is that the will as now contested is not the will as signed by Boone. Clark v. Clark, 21 Texas Civ. App., 371; Missouri, K. & T. Ry. v. Williams, 17 Texas Civ. App., 675; Gulf, C. & S. F. Ry. v. Finley, 11 Texas Civ. App., 64.

Said charge is erroneous because it requires plaintiffs to show by a preponderance of the evidence that Boone was both insane and unduly influenced to sign said paper before they could recover on any one of the three issues submitted to the jury. Rule 61 of Rules of Dist. Court, 84 Texas 717; Kelly v. Settegast, 68 Texas, 13.

The court erred in not permitting plaintiffs to read to the jury interrogatories to and answers of Malinda Morton, divorced wife of J. R. Boone, deceased, to the following effect: What caused her to leave said Boone, and her reply thereto that she left him because of his treatment of her in a sexual way: from what she saw of his conduct while she lived with him what was her opinion of his mental capacity, to which she replied that she thought he was mentally unsound, and that she based her opinion on his acts while with her and the brutal way he treated her; what was the conduct of said Boone that violated the decencies of a refined husband in his treatment of his wife, to which she replied that he did not observe the decencies of a husband at all— he had an abnormal passion which could not be satisfied; how long did that condition of mind continue, to which she replied that that condition existed as long as she lived with him and was the cause of the separation. Mitchell v. Mitchell, 80 Texas, 116; 1 Wharton on Ev., sec. 427.

Nonexpert witnesses who have seen the conduct and deportment of husband and wife in their daily intercourse with each other may give their opinion as to what controlled the conduct of the other. Rutherford v. Railway, supra; Brown v. Mitchell, 88 Texas, 358; 1 Wharton on Ev., sec. 512.

When an alteration is shown to have been made in a will, the law presumes such alteration to have been made after its execution. 1

Wharton on Ev., sec. 629; Barber v. Geer, 23 Texas Civ. App., 531; Dewees v. Bluntzer, 70 Texas, 406; Collins v. Ball, 82 Texas, 268.

The uncontradicted evidence establishes proof of undue influence having been used to procure said will, and it was error of the court below to have refused plaintiffs' motion for a new trial based on said grounds. Trezevant v. Rains, 85 Texas, 329; Kelly v. Settegast, 68 Texas, 20; Ellis v. Matthews, 19 Texas, 397; Vickery v. Hobbs, 21 Texas, 574; 2 Pomeroy on Eng. Jur., sec. 947; In re Hess' Will, 31 Am. St. Rep., 689; Rollwagen v. Rollwagen, 63 N. Y., 504; Haines v. Hayden, 35 Am. St. Rep., 566; In re Rollwagen, 3 Hun, 121.

A gift, *mortis causa,* of a fund in trust to be disposed of for benevolent purposes at the absolute and unlimited discretion of the donee can not be sustained. Heidenheimer v. Bauman, 84 Texas, 181; 1 Perry on Trusts, sec. 87.

*Bramlette & Pritchett, H. E. Taylor* and *Meade & McGrady,* for appellee Boone.

*Thurmond & Steger,* for Buckner's Orphan Home.—The evidence is sufficient to justify a finding either of undue influence or testamentary incapacity. Patterson v. Lamb, 52 S. W., 98; Hamon v. Hamon, 79 S. W., 422, and cases cited; Cash v. Lust, 44 S. W., 724; In re Kaufman, 59 Am. St. Rep., 179; Hughes v. Rader, 82 S. W., 32.

The entire charge of the court, consisting of the main charge and special charge given, should be construed together, and when so construed, the charge complained of states the law. Robinson v. Stuart, 73 Texas, 267; 27 Enc. (1st ed.), 498, 499.

The charge announced a correct proposition of law and was demanded by plaintiffs' proof to the effect that after the will was executed Sarah Boone stated that if Boone changed his will she would law till hell froze over, and the statement of Boone to Sumner to the effect that Boone spoke of changing his will but said his wife did not want him to do so. Rev. Stats., 5337; Graham v. Burch, 28 Am. St. Rep., 339 (47 Minn., 171).

The case being submitted on special issues it was proper to put burden of proof on plaintiffs by stating it in the conjunctive form as to undue influence and sanity, and the charge correctly stated the law. Beazley v. Denson, 40 Texas, 436; Robinson v. Stuart, 73 Texas, 267; Patterson v. Lamb, 52 S. W., 98.

The burden of proof was on plaintiff throughout the case, no matter how often the weight of the evidence shifted. St. Louis & S. W. Ry. v. Parks, 97 Texas, 131.

Confidential communications and acts had and learned by the wife with and from the husband during and on account of the marriage relation are not admissible and it is against public policy to have them exposed in the courthouse. Hopkins v. Grimshaw, 165 U. S., 342; Stein v. Bowman, 13 Pet., 209; Commonwealth v. Sapp, 14 S. W., 834.

The confidential communication being inadmissible, the opinion of the witness based thereon is likewise inadmissible. Thompson v. Ish, 12 S. W., 510.

The witness being a non-expert and it not appearing that his proposed opinion was based upon what he knew of his own knowledge and had stated in the way of facts, it was properly excluded. Clapp v. Fullerton, 34 N. Y., 190, 90 Am. Dec., 681.

The witness having in effect testified that in his opinion Boone was crazy, the excluded opinion as to his regarding Boone incapable of self-control, and especially not having defined what he meant by "self-control," was not material nor of any weight.

The witness being a party to the suit and heir to the estate was disqualified from testifying, as was sought to have her do, to transactions with and statements by deceased. Parks v. Caudle, 58 Texas, 216; Brown v. Mitchell, 75 Texas, 9.

The proposed testimony consisted of conclusions of most general nature, was irrelevant and incompetent to any material issue.

It was a question of fact as to when the alteration was made and the testimony authorized the jury in finding that it was made before the will was executed. 76 Texas, 225.

Even if this were not true, plaintiffs have no interest in the change, and there being in the record applications to probate by both beneficiaries, the court would probate the will in form it was executed, such change being insufficient to constitute a revocation. Franks v. Chapman, 61 Texas, 576.

The will shows a clear intention of testator to give all his estate to Sarah Boone and Buckner's Orphan Home, absolutely—a legitimate disposition, and it is no concern of plaintiffs what complications may arise between the beneficiaries in dividing.

FISHER, CHIEF JUSTICE.—This is a suit by appellants as the children and grandchildren of J. R. Boone, deceased, to set aside a judgment of the Probate Court of Fannin County, entered January 1, 1900, probating the will of Boone. Upon a trial of the case in the County Court a judgment was rendered in favor of appellants setting aside the will. From this judgment the legatees in the will, Sarah E. Boone and Buckner's Orphan Home, appealed to the District Court of Fannin County, where judgment was rendered against the appellants.

The appellants, as grounds for contest, alleged that the will after its execution was altered in a material respect by the principal legatee, Mrs. Sarah E. Boone; and that the execution of the will was procured by undue influence, exerted by Mrs. Boone, and that the testator, J. R. Boone was wanting in sufficient mental capacity to properly and legally execute the will. This court submitted these questions to the jury upon the following special issues:

"Question No. 1. Was the will of J. R. Boone, deceased, dated August 13, 1896, and probated in the County Court of Fannin County January 1, 1900, altered after it was executed, as alleged by the plaintiffs in their amended original petition filed in this court September 9, 1900, so that instead of reading in the latter part thereof 'shall be divided according to her will,' as it now reads, the said will when it was executed read, 'shall be divided according to this will?'

"Question No. 2. Did the said J. R. Boone, deceased, have sufficient mental capacity on August 13, 1896, to make said will? In this

connection I charge you that what is meant by the term sufficient mental capacity to make said will, is meant that at the date of said will he was capable of understanding the nature of the business he was engaged in, the nature and extent of his property, and the person to whom he meant to give it, and the manner in which he was distributing it between the beneficiaries under said will. If he did not have sufficient mind to comprehend such things, then he did not have mental capacity to make said will.

"Question No. 3. Was the will procured to be executed by J. R. Boone, deceased, by undue influence exercised by defendant Sarah E. Boone, upon the said J. R. Boone, deceased. In this connection I charge you that what is meant by undue influence, is such influence as compels the testator to do that which is against his will from fear, desire of peace or some feeling which he is unable to resist. Such influence must, in some measure, destroy the free agency of the testator, and must be sufficient to prevent the exercise of that discretion which the law requires in the exercise of the will. Mere arguments, pursuasions, solicitations or entreaties by a beneficiary in a will is not that character of undue influence which is contemplated by law when speaking of undue influence."

The court further in its charge instructed the jury as follows: "There has been submitted to you evidence of the conduct and declarations of J. R. Boone, deceased, before and after said will was executed. I charge you that such evidence was submitted to you solely for the purpose of throwing light upon his mind at the time and after said will was executed, if it does throw such light. Such evidence is not admissible to prove the actual fact of undue influence being exercised upon J. R. Boone, deceased, in making said will, but competent to establish the influence and effect of external acts, if any are shown, upon the mind of said Boone, deceased, in making said will. If you believe from the evidence that the execution by J. R. Boone of the will in controversy was not procured by undue influence upon the part of Sarah E. Boone, then you are instructed that any act or thing done by Sarah E. Boone after said will was signed and witnessed would not invalidate such will, either on the ground of undue influence or testamentary capacity."

The following special instruction at the request of the proponents was given: "You are instructed that the burden of proof is upon the plaintiff Ann Franklin and others, who are required by the preponderance of the evidence to show that at the time that the will was executed J. R. Boone was of unsound mind, and that the will in controversy was procured by undue influence exercised by Sarah E. Boone upon J. R. Boone at the time or before said will was signed and witnessed; and it is not sufficient, if the evidence merely shows that Sarah E. Boone had an opportunity to exert undue influence over J. R. Boone, nor is the evidence sufficient if it merely shows that Sarah E. Boone attempted to unduly influence J. R. Boone in the making of the will in controversy; nor is the evidence sufficient if it merely shows that Sarah E. Boone, after the will was made, prevented J. R. Boone from changing the will; nor is the evidence sufficient, unless it shows that the influence by Sarah E. Boone over J. R. Boone was unduly exercised

by her at the time of or before the signing of the will, and that such influence caused J. R. Boone to make a will which he was unwilling to make as his independent free act."

In response to the special issues, the jury returned the following verdict:

"Question No. 1. We the jury find that the will was not thus altered.

"Question No. 2. We the jury find that said J. R. Boone did have sufficient mental capacity on August 13, 1896, to make said will.

"Question No. 3. We the jury find that the will of J. R. Boone, deceased, was not procured by undue influence."

All of these findings are supported by the evidence. There is a conflict of evidence upon the question as to whether the will was altered by Mrs. Boone after its execution; and also a conflict in evidence as to the mental capacity of the testator; but as to the question of undue influence, we are of the opinion that the evidence is of such a character that would have justified the trial court in declining to submit that issue to the jury. The evidence upon this subject does not show that any undue influence was exercised. All that it tends to prove is that merely Mrs. Boone had the opportunity to exercise influence. But, however, upon this question, as well as the other two embraced in the case, the verdict of the jury has settled the questions of fact in favor of appellees.

Appellants' first assignment of error complains of that portion of the charge of the court which instructs the jury that arguments, persuasions, solicitations and entreaties by the beneficiary is not that character of influence which the law would regard as sufficient to justify setting aside a will. The charge of the court as complained of is substantially in accord with the ruling made in Patterson v. Lamb, 52 S. W., 99; Barry v. Graciette, 6 Texas Ct. Rep., 379, and Morrison v. Thoman, 12 Texas Ct. Rep., 887. But, however, as before said, we are of the opinion that the evidence did not justify an attack upon the will on the ground that its execution was procured by undue influence, and the court could well have treated this question as not arising from the evidence. Therefore, if it could be conceded that this instruction was erroneous it could not constitute reversible error.

The second assignment of error complains of the last paragraph of the general charge of the court as above set out. It was not the purpose of this instruction to take away from the consideration of the jury the question as to whether or not Mrs. Boone had altered or changed the will after its execution; but the question submitted by this charge was that the acts or things done by Mrs. Boone after the will was signed and executed would not invalidate the will on either the ground of undue influence or testamentary capacity. This instruction was correct, and the jury evidently understood it to relate to the question of undue influence or testamentary capacity, and they could not by this instruction have been led to believe that the court intended to exclude from their consideration the acts and things done by Mrs. Boone in passing upon the question as to whether or not she had altered the will.

The third assignment of error complains of the special charge of the

court set out in the opinion on the subject of burden of proof. The appellants' case was an attack upon the judgment of the court probating the will, and this judgment, until set aside, is supposed to be based upon facts that would authorize its rendition, and in order to overcome it and successfully attack it, the burden did rest upon the appellants to establish the facts relied upon by them.

The fourth assignment of error complains of the action of the court in refusing to permit the appellants to introduce in evidence the interrogatories and answers of Mrs. Belinda Morton, the divorced wife of J. R. Boone, deceased. The facts and evidence sought to be established was of a confidential nature between husband and wife, and we think the court correctly held that it was not admissible.

There was no error in the action of the court in declining to admit the evidence of the witness Trice, as complained of in the fifth assignment of error. It was proper for Trice to state the facts and then state an opinion as to the mental capacity of J. R. Boone; but his statement to the effect that Boone was not capable of self-control or self-government was not admissible. That was a conclusion of the witness, which the jury from the facts detailed, would be as capable of judging and determining as the witness. A witness can express his opinion as to the unsound condition of the mind of the testator, based upon facts within his knowledge.

The sixth assignment of error complains of the action of the trial court in not permitting Lucy Spicer, a granddaughter of J. R. Boone to answer the following question: "Which controlled, if either, the conduct of the other, J. R. Boone or Sarah Boone?" To which the witness replied that Sarah E. Boone controlled the conduct of J. R. Boone in most of the matters; that she was there at the house often and saw it herself. The fact testified to was merely the expression of the opinion or conclusion of the witness, and was properly excluded. If the question of undue influence was properly in the case, the witness should state the acts indicating the influence, and let the jury judge and determine whether Mrs. Boone controlled the conduct of J. R. Boone.

The seventh and eighth assignments of error complains of the action of the trial court in overruling appellants' motion for new trial, on the ground that the evidence shows that the will was altered by Mrs. Boone after its execution and of a want of sufficient mental capacity and the existence of undue influence. The verdict of the jury has settled these questions.

The ninth assignment of error is to the effect that the court erred in rendering judgment for defendants and in refusing to set aside the will because the same is invalid, in that it provides that the testator's property, in case Boone did not establish a charity at Randolph, Texas, should be divided between Sarah E. Boone and the Orphans' Home, according to her will, that is the will of Mrs. Boone. The proposition submitted under this assignment is, that a gift, *mortis causa,* of a fund in trust to be disposed of for benevolent purposes at the absolute and unlimited discretion of the donee can not be sustained. The clause of the will in question under which this contention is made, is as follows:

"Second. All the balance of my property, it is my will and desire to devote to charity, first to Buckner's Orphan Home, second, to some charitable institution which I want to establish at Randolph, Texas, but if I should die without making provisions for said institution at Randolph, Texas, then it is my will and desire that all my property, land, notes and money shall be divided according to her will between my wife and Buckner's Orphan Home."

There is nothing in the record showing that the testator before his death made any provision for establishing the charitable institution at Randolph, Texas. Buckner's Orphan Home is one of the appellees in this case and is a party to the proceeding with Mrs. Boone interested in the probation of the will. There is no contest between these parties, and, so far as appears from the record, they seem to be satisfied that the intention of the testator, as indicated in the clause of the will quoted, will be observed. The will provides that if no institution is established at Randolph, Texas, then the property, lands, notes and money, shall be divided between Mrs. Boone and Buckner's Orphan Home, and the will empowers Mrs. Boone to make the division. This fact does not deprive the Orphan's Home of any right that it might have under the will, and the testator had the power, if he so desired, to select Mrs. Boone as the proper person to make the division of the property. If the Orphan's Home is contented with this selection, we see no lawful reason why the will, by reason of this power should be invalid, or the contestants be permitted to object to it for this reason.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*