E. B. HARRELL ET AL. v. W. B. TRAWEEK, ADMINISTRATOR.

Decided March 2, 1908.

**Estates—Appeal—Intervention in District Court.**

Under article 2262, Revised Statutes, providing that all appeals to the District Court from orders or decrees of the County Court, in the administration of estates, shall be tried anew, any one interested in the estate may intervene in the proceeding after appeal by other parties to the District Court; and this, although the intervener had been a party to the proceedings in the County Court and had not perfected the appeal from the County to the District Court.

Error from the District Court of San Jacinto County. Tried below before Hon. L. B. Hightower.

*F. Campbell,* for plaintiffs in error.

No brief for defendant in error.

PLEASANTS, CHIEF JUSTICE.—This writ of error is prosecuted by plaintiffs in error as executors of the will of A. W. Harrell, deceased, from an order of the District Court of San Jacinto County refusing to allow them to file protest and resist the confirmation of a sale made by defendant in error as temporary administrator of the estate of said A. W. Harrell, said sale having been previously confirmed by the Probate Court of said county and the matter taken to the District Court on appeal by the widow of the deceased.

The record shows that A. W. Harrell died in San Jacinto County on September 16, 1903, leaving a will in which plaintiffs in error were named as executors and were bequeathed all of the estate remaining after the payment of the debts due by the deceased. This will provides that no bond should be required of the executors, and further provides, in substance, that if said executors shall pay all of the debts of the estate within ninety days after the death of the testator and file receipts therefor in the County Court no other proceeding shall be had in the County Court than the probate of the

will and the filing of inventory, list of claims, and the receipts before mentioned, but in event said debts are not paid within ninety days the estate shall be administered in said court.

On October 5, 1903, plaintiffs in error filed their application for the probate of said will and for letters testamentary. Mrs. Mollie L. Harrell, the widow of the deceased, contested the will and filed application for letters of administration. Pending this contest W. B. Traweek was appointed temporary administrator of the estate, and applied for and obtained an order to sell as perishable property the live stock, farming implements and corn on the farm belonging to said estate, and to rent said farm for the year 1904. This application was granted and the property mentioned therein was sold by said administrator. When the report of this sale was made the plaintiffs in error and Mrs. Harrell filed exceptions thereto and opposed the confirmation of the sale on various grounds, among which was the inadequacy of the price, the want of authority to make the sale, and that a large portion of the property sold was exempt from sale under the law and the widow was entitled to have same set aside to her. These exceptions and objections were all overruled by the County Court and the report approved and sale confirmed. From this order the widow, Mrs. Harrell, perfected an appeal to the District Court, but plaintiffs in error did not appeal.

Pending this appeal the application of plaintiffs in error for the probate of the will and for letters testamentary was granted by the County Court, and upon appeal of Mrs. Harrell to the District Court a like order was made. Thereafter plaintiffs in error paid Mrs. Harrell $500 for her interest in the estate, including her claim to the exempt property sold by the temporary administrator as before stated, and obtained her release therefor. After this settlement was made plaintiffs in error filed in the District Court, in the cause therein pending on the appeal of Mrs. Harrell from the order of the County Court confirming the sale made by the temporary administrator, a pleading setting up all of the facts before stated and objecting to the confirmation of the sale upon various grounds, including those urged in their original protest filed in the County Court, and praying that the court hear evidence and refuse to confirm said sale. When the cause was called for trial Mrs. Harrell filed a motion to dismiss her appeal. This motion was granted by the court and the application of plaintiffs in error to have their protest and objections to the confirmation of the sale heard and passed upon by the court, was refused.

The only question presented by this appeal is, did the trial court err in refusing to consider and determine upon its merits the protest filed by plaintiffs in error against the confirmation of the sale by the temporary administrator?

We think this question should be answered in the affirmative. Article 2262 of the Revised Statutes provides that all appeals to the District Court from orders or decrees of the County Court in the administration of estates shall be tried anew, as if originally brought in such court. Under this article it has been held that the trial of such cause in the District Court is governed by the same rule

as to parties, pleadings and amendments of pleadings as would obtain on the original hearing in the County Court. Under this rule anyone interested in the estate may intervene in the District Court in a proceeding of this kind, and present any matter which he could have urged in the County Court.

The appeal of Mrs. Harrell took the matter into the District Court and the jurisdiction thus acquired by that court was as broad and comprehensive as to the entire proceedings as that originally vested in the County Court. If this were not true the trial in the District Court would not be a new trial as directed by the statute. The right of anyone interested in the estate to intervene in a proceeding of this kind after an appeal from the County to the District Court was expressly recognized and enforced in the cases of Phelps v. Ashton, 30 Texas, 347, and Heist v. Universalist General Convention, 76 Texas, 514.

We do not think the fact that plaintiffs in error had failed to perfect an appeal from the order of the County Court should affect their right as executors or as purchasers of Mrs. Harrell's interest, to resist the confirmation of the sale by the District Court.

It follows from these conclusions that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*