**PIPKIN v. TURNER.   (No. 7421.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1925.)

**Guardian and ward ⬤⇒13(8)—Order overruling appointment by county court and appointing intervener, on appeal, to district court, held proper.**

Where appointment as guardian, sought under Rev. St. 1911, arts. 4091–4096, was opposed by an uncle by marriage in behalf of himself and wife, and he appealed from confirmation of appointment to the district court, wherein his wife intervened and adopted his pleadings, order, overruling the appointment and appointing the intervener as guardian, *held* proper, in view of articles 3296, 4082, 4105; the question of suitability of both the opponent and his wife being raised in the county court by the pleadings and transferred to the district court on trial de novo, under article 4299, in which any interested person had right to intervene.

Appeal from District Court, Gonzales County; Lester Holt, Judge.

Application by D. P. Pipkin for appointment as guardian was opposed by R. S. Turner. From an order appointing petitioner, the opponent appealed to the district court, in which opponent's wife intervened. From an order decreeing the appointment of intervener as guardian, petitioner appeals. Affirmed.

―――――――――

Durell Miller, of Yoakum, W. M. Atkinson, of Gonzales, and Simmons & Mahaffey, of San Antonio, for appellant.

W. H. Blanton, of San Antonio, and B. Duncan Davis, of Gonzales, for appellee.

SMITH, J. In a regular proceeding under the provisions of chapter 6, tit. 64, R. S. 1911, D. P. Pipkin was appointed by the probate court of Gonzales county as temporary guardian of the persons and estates of the two minor children of his deceased brother, John Alexander Pipkin. At the same term of court, R. S. Turner, an uncle of said minors, by marriage, filed a protest against Pipkin's appointment, and prayed that he, or in the alternative, that he and his wife, jointly, be appointed as such guardians. Upon a hearing, Turner's protest was overruled, and Pipkin's appointment was made permanent. Turner appealed to the district court.

When the appeal was lodged in the district court, Mrs. Ada Turner, wife of R. S. Turner, filed a plea of intervention adopting the pleadings and prayers of her husband in the probate court, and praying that the order appointing Pipkin be set aside, and, in the event the court did not appoint her husband as guardian, that she be appointed, or in the alternative, if it be held that a married woman was ineligible under the law for such appointment, that she and her husband, jointly, be appointed. Upon a trial de novo the district court sustained the protest against Pipkin, decreed the appointment of Mrs. Turner, alone, and certified the order to the probate court for observance. Pipkin has appealed.

The controlling contention made by appellant, Pipkin, in this appeal, is reflected in his third proposition of law, that—

"The appellee, Mrs. Ada Turner, having failed to make application for appointment as guardian in the county court of Gonzales county, and having failed to protest the appointment of appellant, and in no way make herself a party to the original proceedings, could not, by an intervention or otherwise, become a party in the district court, which only has appellate jurisdiction."

It should be said at the outset that, when not inconsistent, the rules, regulations, and provisions governing proceedings in the administration of estates of decedents apply to and govern the proceedings in guardianships. Article 4051, R. S. 1911; Simpkins, Adm. Est. 415. And, in considering and disposing of this appeal, we have consulted and will here cite statutes and authorities governing both proceedings, when they are deemed applicable to the questions presented.

It will be observed that in the protest, filed by R. S. Turner in the county court, against the appointment of D. P. Pipkin as guardian of the minors, Turner set out facts showing the qualifications and fitness of his wife, Ada Turner, and of himself, for appointment as such guardian, and prayed that he, or in the alternative, that he and his wife be appointed. A married woman may act as guardian in such cases. Article 4105, R. S. 1911; Speer's Marital Rights, § 288. So, also, may husband and wife act jointly as such. Article 4082; Simpkins, Adm. Est. p. 424. And, as any person may apply for letters of administration either for himself or for any other person (article 3296), we see no reason why Turner could not properly apply for the appointment of himself, or of his wife and himself, jointly, in the absence of an express prohibition. No objection was made in the county court to the sufficiency of his pleadings for these purposes, or on these accounts. So Turner's pleadings in the county court presented the issues, first, of Pipkin's unsuitability as guardian; and, second, of the qualifications and suitability of both the Turners therefor.

The judge of the probate court overruled Turner's protest, and appointed Pipkin, and from this order Turner appealed to the district court. Although he alone appealed, and Mrs. Turner did not do so, the effect of the former's appeal was to bring the whole case, with its subject-matter and all the parties concerned in the county court proceedings, into the district court. Phelps v. Ashton, 30 Tex. 345; Elwell v. Universalist, etc., 76 Tex. 514, 13 S. W. 552; Zieschang v. Helmke (Tex. Civ. App.) 84 S. W. 436; Harrell v. Traweek, 49 Tex. Civ. App. 417, 108 S. W. 1021.

Of course, the trial in the district court was de novo (article 4299, R. S. 1911), and, according to the authorities cited above, the jurisdiction thus acquired by that court was as broad and comprehensive as to the entire proceedings as that originally vested in the county court, and any person interested in the estate has the right to intervene in a probate proceeding after an appeal from the county to the district court; and, in the trial de novo in the district court, that tribunal may do all that the county court could have done in the matter.

The case presented here becomes simple when tested by the foregoing rules. The subjects of the matter in controversy in the county court were the appointment of a guardian of the persons and estates of the minors named, and the respective and relative qualifications and suitability of Pipkin and Mr. and Mrs. Turner for such appointment. Those matters were tried and determined there, and one of the parties to the proceeding appealed from the order then entered, thus carrying the whole controversy into the district court for trial de novo there. There the parties were permitted, under the authorities, to replead, to amplify their contentions, to implead other interested or proper parties, and to take all necessary steps to have the whole controversy adjudicated, for the same purposes and to the same extent as in the county court. So, also, was it proper

for other persons interested in the controversy to intervene and have their rights therein adjudicated, just as they could have done in the county court.

Through the medium of her husband's pleadings in the county court, Mrs. Turner protested the appointment of Pipkin by that court, and set forth her own qualifications and suitability with those of her husband. When the latter appealed, the district court acquired jurisdiction of the whole controversy, including the protest against Pipkin and the prayer in behalf of the Turners. In that court, Mrs. Turner adopted and amplified the pleadings of her husband, thus more fully and directly presenting the very questions presented in the county court. Under the authorities we have cited, she could have intervened in the district court, and there for the first time made herself a party to the proceeding, upon the showing that she was interested in the estate; but, as a practical matter, she was a party to the proceedings in the probate court, and was doubly entitled to intervene in the district court. By this process the whole controversy, between all the necessary parties, was presented to and settled by that court, as was contemplated by statutes and by the construction thereof by our courts.

The judgment is affirmed.