### EUBANKS et al. v. JACKSON et al.*
#### (No. 271.)

(Court of Civil Appeals of Texas. Waco. Nov. 26, 1925. Rehearing Denied Feb. 4, 1926.)

**1. Constitutional law ⬥56—Wills ⬥260—Statute prohibiting application for probate of will, later than four years from testator's death, in certain cases, held not denial of jurisdiction of county court.**

Rev. St. 1911, art. 3248, providing that no will shall be admitted to probate after the lapse of four years from testator's death except on proof that applicant was not in default in failing to present the will within the said four years, *held* not a denial of the jurisdiction of the county court, under Const. art. 5, § 16, but is addressed to control its action in the exercise of its jurisdiction.

**2. Wills ⬥260—County court may probate will after four years from testator's death, on proof that applicant was not at fault in failing to present will within four-year period.**

Under Rev. St. 1911, art. 3248, the county court, sitting in probate, being a court of general jurisdiction under Const. art. 5, § 16, may probate a will after four years from testator's death, on proof that the applicant was not in default in failing to present the will for probate within four years from testator's death.

**3. Wills ⬥260—Whether applicant to probate will was in default in failing to propound it for probate within four years after death of testator is usually question of fact.**

Whether applicant to probate will was in default in failing to propound it for probate within four years after death of testator, as required by Rev. St. 1911, art. 3248, is usually question of fact for determination of court or jury, in same manner as are other questions of fact.

**4. Wills ⬥357—County court, having had jurisdiction to probate will, district court had jurisdiction of proceeding by certiorari to try case de novo.**

Where a county court had jurisdiction to probate a will, whether the proceeding resulting in the probate was a continuation of the original proceeding, instituted more than four years before, within Rev. St. 1911, art. 3248, or was

a new proceeding, the district court had jurisdiction of a proceeding by certiorari to try the case de novo as provided in articles 3631, 3638.

**5. Wills ⬥423—Finding that proponents were not in default in seeking probate of will, followed by judgment probating will, constituted judgment a valid one.**

Finding that proponents were not in default, under Rev. St. 1911, art. 3248, in seeking probate of will, followed by judgment probating will, constituted judgment a valid one, entitled to the same consideration as a judgment of any other court of record.

**6. Wills ⬥300—Evidence held to support finding that applicants for probate of will not in default in failing to present it within four years from testator's death.**

Evidence *held* to support finding of trial court that applicants for the probate of a will were not in default, under Rev. St. 1911, art. 3248, in failing to present the will for probate within 4 years from testator's death.

**7. Wills ⬥288(1)—Presumption of abandonment of application to probate will, created by delay in prosecuting it, may be rebutted.**

If the delay in prosecuting an application to have a will probated has been sufficiently long to create a presumption of abandonment of the application, such delay may be explained by evidence, and the presumption rebutted.

Error from District Court, Limestone County; A. M. Blackmon, Judge.

Application by J. A. Eubanks and others for a writ of certiorari in the district court to probate, on trial de novo, the will of Roddy Smith, probate of which was allowed by the county court, in which certiorari proceeding Fannie E. Jackson and others were made defendants or intervened. From a judgment probating the will and ordering such probate to be certified to the county court for observance petitioners bring error. Affirmed.

W. L. Eason, of Waco, and Boyles, Brown & Scott, of Houston, for plaintiffs in error.

W. T. Jackson and Kimbell & Kimbell, all of Groesbeck, Collins & Jackson, of San Angelo, P. F. Graves, J. C. Townes, Jr., and Rex G. Baker, all of Houston, and Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for defendants in error.

#### Statement.

STANFORD, J. On October 7, 1886, Roddy Smith conveyed by deed one acre of land out of a 105-acre tract he then owned in Limestone county to the African Methodist Episcopal Church, said church known as Smith's Chapel, for the purpose of a church and schoolhouse, and to be used for no other purpose, to belong to said church and succeeding trustees as long as used as stated above, and no longer. On March 18, 1902, Roddy Smith executed his will in due form, bequeathing all his property, both real and personal, to his

niece, Fannie E. Jackson, wife of W. B. Jackson, who was named as executor of said will. Roddy Smith died in Limestone county, Tex., May 24, 1903. June 11, 1903, W. B. Jackson, the executor named in said will, filed application, together with the will, in the county court of Limestone county to probate said will. On July 18, 1903, the will was withdrawn on the advice and with the consent of the county judge and not 'then probated, for reasons hereinafter referred to, but the application left on file, and the case remained on the docket, and was never dismissed. On June 28, 1921, the trustees of said church executed to H. C. Maxwell, L. C. McFall, and H. W. Weir an oil and gas lease, in the usual form, on said church lot. On September 3, 1921, the said Maxwell, McFall, and Weir entered into a contract with L. P. Hammond, by the terms of which Hammond agreed to drill an oil well on said lot for seven-sixteenths interest in the oil and gas that might be found. On September 20, 1921, Fannie E. Jackson, joined by her husband, W. B. Jackson, filed an application in said original cause, to probate said will as a muniment of title, making explanatory statements why said will was not probated earlier, as will hereafter be referred to. Service was had on this application, and said will duly probated October 11, 1921, without objections by any one. Assignments and transfers of interests in said lease, the oil and gas found, and the royalties, etc., were made by all the parties interested in said property, and especially by Fannie Jackson, the sole beneficiary under said will,. after its probate, to various parties; the date of said transfers, conveyances, and assignments ranging from October 15, 1921, to March 28, 1923.

On April 2, 1923, this proceeding was instituted by all of the heirs of Roddy Smith, except Fannie Jackson, by filing an application for a writ of certiorari in the district court, which was granted, and the probate of said will brought before the district court for trial de novo. Most of the parties holding interests in the property by mesne conveyances under Fannie Jackson and others, together with Fannie Jackson and husband, W. B. Jackson, were made defendants. Those that were not intervened and became defendants. The case was tried before the court without a jury, and judgment rendered probating said will on the application of the defendants and interveners, and ordering same certified to the county court for observance. Other facts will be stated in our opinion. As the parties occupy the same position in this court as they did in the trial court, they will be referred to herein as plaintiffs and defendants.

## Opinion.

Plaintiffs present two assignments of error, and under said assignments contend, in effect, that under the facts of this case, the county and district courts of Limestone county had no jurisdiction to probate the will of Roddy Smith, deceased, and therefore their judgments probating same are wholly void. Article 5, § 16, of our state Constitution, provides:

"The county court shall have the general jurisdiction of a probate court; they shall probate wills," etc.

Article 3248 of our statutes provides:

"No will shall be admitted to probate after the lapse of four years from the death of the testator, unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

[1-3] Our Constitution in no way restricts or limits the jurisdiction of the county court to probate wills by fixing any time limit within which a will must be presented for probate, and evidently the statutory provision limiting the time to four years, "unless it be shown by proof that the party applying for such probate was not in default in failing to present same for probate within the four years," was not intended as a restriction upon the jurisdiction of the county court, but is, in our opinion, addressed to the probate court to control its action in the exercise of its jurisdiction, and is not a denial of the jurisdiction. Nelson v. Bridge, 98 Tex. 523, 86 S. W. 7; Williams v. Steele, 101 Tex. 382, 108 S. W. 155. The county court, sitting in probate matters, being a court of general jurisdiction, has jurisdiction to hear an application to probate a will, although the application to probate same is not filed within four years after the death of the testator, and it is the duty of said court to probate same, if the proof shows that the party applying for such probate was not in default in failing to present same for probate within four years after the death of the testator, and the question as to whether or not an applicant to probate a will is in default in failing to propound same for probate within four years after the death of a testator is usually a question of fact for the determination of the court or jury, under instructions of the court, as questions of fact are determined in other cases.

[4] We think there is no question as to the jurisdiction of the county court of Limestone county to probate the will involved in this case, whether the proceeding resulting in the probate was a continuation of the original proceeding instituted June 11, 1903, or was a new proceeding instituted September 20, 1921. Revised Statutes, art. 3248; Nelson v. Bridge, 98 Tex. 523, 86 S. W. 7; Henry v. Roe, 83 Tex. 446, 18 S. W. 808; Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Corpus Juris, vol. 33, p. 1078. And, if there was no question as to the jurisdiction of the county court

to render the judgment probating said will, it necessarily follows there could be none as to the jurisdiction of the district court, to which plaintiffs carried said proceeding by certiorari, and where it was tried de novo, as provided in articles 3631 and 3638, Revised Statutes.

[5] Plaintiffs' further contention, to the effect that the record of the probate of said will in the county court affirmatively shows that said court had no jurisdiction to probate said will, and there is no presumption in favor of said judgment, is, we think, untenable. Our statutes (article 3248) authorize the county judge to admit a will to probate, although presented more than four years after the death of the testator, provided the party applying therefor makes proof that he was not in default in failing to present same within the four years. As stated above, it is not a question of the jurisdiction of the county court to hear and determine the matter of admitting or refusing to admit said will to probate, but the only question is whether the proof is sufficient to convince the county judge that the party applying for such probate is not in default in failing to present same within the four years. If the proceeding resulting in the probate of the will was a continuation of the proceeding instituted June 11, 1903, as found by the trial court, then the question here discussed does not arise, but, if it was a new proceeding, the county judge, in this case, on October 11, 1921, having heard the evidence on the application of Fannie E. Jackson and husband, W. B. Jackson, to probate said will, also the evidence, doubtless most of it parol, tending to show they were not in default in failing to present same within the four years, and having entered his judgment on said date, duly probating said will, thereby finding said opponents were not in default and were entitled to have said will probated, said judgment became a valid judgment of a court of competent jurisdiction, entitled to the same consideration as the judgment of any other court of record (Nelson v. Bridge, 98 Tex. 523, 86 S. W. 7), and remained as such valid judgment until appealed by certiorari to the district court nearly two years later.

[6] The trial court, after finding that the will was executed by Roddy Smith on the 8th day of March, 1902, with the formalities and solemnities and under the circumstances required by law to make it a valid will, and that it was never revoked by him, and that he was of sound mind, and that he died in Limestone county, May 24, 1903, found:

"(5) That the said will was in fact presented for probate within four years from the death of the said Roddy Smith, and the application was never abandoned, though the will was not actually probated within the four years.

"(6) That the proponents here applying for such probate, the same being the intervener, Humble Oil & Refining Company, and the above-named defendants, all of whom propound said will for probate, were not in default, nor was any one of said parties in default in failing to present the said will for probate within the four years aforesaid, and, the court being further of the opinion and finds that the said intervener Humble Oil & Refining Company, and that each and all of the other defendants in this cause, save and except the defendants Mrs. Fannie E. Jackson and her husband, W. B. Jackson, are claiming an interest in the property set out in their respective pleadings under titles emanating from Mrs. Fannie E. Jackson, beneficiary under the said will of Roddy Smith, deceased, and that said will constitutes links in the respective chains of title to the respective properties set forth by said respective defendants in their said pleadings, and by reason thereof said parties have an interest in the probating of the said will of the said Roddy Smith, deceased, as constituting links in their respective chains of title to their respective properties."

The record discloses that there was no contention by any one but that the will was the last will and testament of Roddy Smith, that it was properly and legally executed and that Fannie E. Jackson was the sole beneficiary. The record further discloses without conflict: That, at the time of his death, Roddy Smith owned a small amount of personal property, and about 103 acres of land, but that said land was heavily incumbered, that his equity in said land was small, in fact, not as much as his indebtedness to W. B. Jackson, the husband of the beneficiary, Fannie Jackson, and also the title to said land was in the name of W. B. Jackson. That Fannie E. Jackson, the sole beneficiary in said will, and husband, soon after the death of Roddy Smith, by virtue of the provisions of said will, took charge of all the property of his estate, and paid all his debts, and Fannie Jackson, as such beneficiary, has claimed, used, and disposed of said property as her own. A few months after the death of Roddy Smith, W. B. Jackson, who was named executor in said will, filed his application, together with the will, in the county court of Limestone county for probate. That a little more than a month after he had filed said application and will for probate, the county judge of Limestone county advised him that, in view of the fact there was but little property belonging to said estate, and that the estate was indebted to him more than the equity in the land, which was in Jackson's name, not to go to the expense at that time of probating the will, but to withdraw the will in order to preserve it, and leave the application on file and the case on the docket, and they could probate the will later. That the law permitted this course to be pursued. The county judge was related to W. B. Jackson, and Jackson, not being a lawyer and ignorant of legal provisions, relied upon the advice of the county judge, and so W. B. Jackson, the executor, did withdraw the will, and placed

it in his safe at his gin for safe-keeping, but the application remained on file, and the case remained on the docket and was never dismissed.

The above facts are not controverted. Fannie Jackson, the sole legatee, testified, and the evidence is sufficient to show, that she thought said will was probated soon after it was filed; that she did not know it was withdrawn, and never knew it had not been probated until in 1921, and that, as soon as she learned it had not, she, joined by her husband, W. B. Jackson, filed the additional application, but in the same cause, which the court, on October 11, 1921, heard, and entered his judgment duly probating said will. After the judgment of the county court was rendered on October 11, 1921, duly probating said will, and before the filing of the petition for certiorari on April 2, 1923, by plaintiffs, for the removal of said cause to the district court, all the defendants except Fannie Jackson and W. B. Jackson acquired their respective interests in the property involved, by purchase from Fannie E. Jackson, sole beneficiary under said will, and other parties; said purchases being made for a valuable consideration, relying upon the validity of said county court judgment, duly admitting said will to probate. All of said parties, except the Humble Oil & Refining Company, were made defendants in the application for certiorari to the district court, and said last-named company intervened, and said intervener, and all the defendants in said cause in the district court, in addition to other relief sought, by appropriate pleading, propounded said will for probate as links in the title to their respective interests in said property. It is our opinion, without undertaking to set out all the evidence tending to support the same, that the findings of the trial court, so far as they affect the right of Fannie E. Jackson and her husband, W. B. Jackson, to have said will probated, are amply supported by the evidence.

In the case of Abrams et al. v. Ross' Estate et al., 250 S. W. 1019, where 44 years had elapsed since the last order in said case had been made, the Commission of Appeals, Section A, by the present Chief Justice of this court, said:

"After the lapse of such period of time, there is abundant authority for holding that abandonment of such proceeding should be conclusively presumed. * * * The issue of abandonment in this cause does not rest on presumption alone. It is supported by the affirmative and uncontradicted testimony."

[7] In the case referred to, there was a delay of 44 years, with no evidence to rebut the presumption of abandonment, but, direct, positive, uncontradicted evidence confirming such presumption. But, in the case before this court, we have the affirmative evidence of both the executor named in the will and the county judge, explaining the delay in probating Roddy Smith's will, and showing there was no intention of abandoning the probate of said will. This evidence is not contradicted, except in so far as the fact of the long delay and other circumstances may tend to contradict same. As we understand the rule in this state, the question as to whether or not the application to probate a will has been abandoned depends upon the circumstances of the particular case, and that, if the delay has been sufficiently long to create a presumption of abandonment, such delay may be explained by evidence, and the presumption rebutted. Corpus Juris, vol. 1, p. 1169, and cases there cited. The finding of the trial court that the original application to probate the will of Roddy Smith was never abandoned was a finding of fact, and is, we think, supported by sufficient evidence to be binding upon this court. So it follows from the findings of the court above quoted that Fannie Jackson and her husband, W. B. Jackson, were not in default in presenting said will for probate, and that the same was properly probated upon their application therefor.

Since we have held that the will was properly probated upon the application of Fannie Jackson and her husband, W. B. Jackson, it becomes unnecessary to decide, and we do not decide, whether said will was properly probated upon the application of those, or any of those, holding under them, regardless of whether they (the said Jacksons) were personally in default in presenting such will for probate or not. The writer, however, speaking for himself, is of the opinion the other finding of the trial court, to the effect that the Humble Oil & Refining Company and all the other defendants, except Fannie Jackson and husband, W. B. Jackson, all of whom propounded said will for probate, were not in default, and that each of said parties, except Jackson and wife, are claiming an interest in the property under titles emanating from Fannie Jackson, sole beneficiary under said will, and that said will constitutes links in the respective chains of title of said parties, is all established by the undisputed evidence, and entitled all of said parties to have said will probated. The fact that the defendants, other than Fannie Jackson and husband, W. B. Jackson, were not parties in the county court is immaterial. When a probate proceeding is taken up from the probate court to the district court by certiorari, the trial in the district court is de novo. Article 3638, Civil Statutes. Additional parties interested in the estate may appear for the first time in the district court, and either propose or contest the probate of the will (Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435; Elwell v. Universalist Gen. Con., 76 Tex. 514, 13 S. W. 552; Phelps v. Ashton, 30 Tex. 348), or new parties interested in the estate may intervene, and either propose or contest the

probate of a will (Harrell v. Traweek, 49 Tex. Civ. App. 417, 108 S. W. 1022). The will of Roddy Smith is a link in the chain of title of intervener Humble Oil & Refining Company and all of the defendants, except Fannie Jackson and husband, to their respective interests in the property involved.. All of said parties derived their interests under Fannie Jackson, sole beneficiary in said will, after said will had been duly probated in the county court on October 11, 1921, and before the application for certiorari was filed in the district court April 2, 1923. All of said parties so bought for a valuable consideration, relying in good faith on said will and the county court judgment probating same, and all of said parties had the right, as they did, to propound said will for probate in the district court, and to have said will probated as a link in their respective titles. Revised Statutes, art. 3262; March v. Huyter, 50 Tex. 253; St. Mary's Orphan Asylum v. Masterson, 57 Tex. Civ. App. 646, 122 S. W. 590; Ryan v. T. & P. Ry. Co., 64 Tex. 242; Masterson v. Harris, 107 Tex. 73, 174 S. W. 570; Penay Vidaurri's Estate v. Bruni (Tex. Civ. App.) 156 S. W. 316; Steele v. Renn, 50 Tex. 467, 32 Am. Rep. 605; Glover v. Coit, 36 Tex. Civ. App. 104, 81 S. W. 136.

We overrule all of plaintiffs' assignments, and affirm the judgment of the trial court.