**HOWLEY et al. v. SWEENEY et al.**
**(No. 1819.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1926.)

**1. Husband and wife ⬤═262(1)—Property conveyed to wife not shown to belong to her separate estate is presumptively community.**

Where property conveyed to wife contained nothing on face of deed to show that it belonged to her separate estate, presumptively it was community.

**2. Appeal and error ⬤═281(1)—Assignment of errors timely filed in lower court may be considered despite failure to file motion for new trial.**

Assignment of errors filed in due time in court below may be considered on appeal, though no motion for new trial was filed.

---

**3. Appeal and error ⊚⊃766—Court of Civil Appeals does not decline consideration of questions presented simply because of a breach of rules of briefing.**

Practice of Court of Civil Appeals is not to decline consideration of questions presented simply because of a breach of the rules of briefing.

**4. Wills ⊚⊃219—Purchaser believing that parties under whom he claimed were only heirs at law of deceased owner held entitled to ask for probate of his will (Rev. St. 1911, art. 3262).**

Purchaser in good faith believing that parties under whom he claimed were only heirs at law of deceased owner was entitled to ask for probate of his will as a muniment of title, in view of Rev. St. 1911, art. 3262, and failure of devisee to do so did not affect his right.

**5. Wills ⊚⊃219—Purchaser of property held entitled to ask for probate of will of deceased owner, notwithstanding that heirs contesting will had given his vendee a quitclaim deed therefor.**

Purchaser in good faith believing that parties under whom he claimed were only heirs at law of deceased owner *held* entitled to ask for probate of his will, notwithstanding that his vendee had been given by heirs contesting will a quitclaim deed for the property, where it appeared that he had been involved in litigation with such heirs respecting property, and though suit had been dismissed there was nothing to prevent it being refiled.

**6. Wills ⊚⊃268—Purchaser of property of deceased owner held entitled to intervene in proceedings in district court involving will and to there ask for probate thereof.**

Purchaser in good faith believing that parties under whom he claimed were only heirs at law of deceased owner *held* entitled to intervene in district court in proceedings involving will, and there ask for a probate thereof.

**7. Wills ⊚⊃261—Failure of purchaser of property from heirs at law of deceased owner to earlier ask for probate of his will held excused.**

Failure of purchaser of property from heirs at law to earlier ask for probate of will of deceased owner *held* excused by probate of will in county court on application of devisee.

**8. Wills ⊚⊃423—Probate of will of deceased owner on application of devisee inured to benefit of purchaser from heirs at law.**

Probate of will of deceased owner on application of devisee *held* to inure to benefit of purchaser from heirs at law.

**9. Wills ⊚⊃219—Probate of will on application of purchaser from heirs at law held proper, regardless of sufficiency of service of citation on application by devisee (Rev. St. 1911, art. 3257, Complete Tex. St. 1920, art. 6016½).**

All parties at interest being before the court, it was competent to probate will of deceased owner on application of purchaser from heirs at law, regardless of sufficiency of service of citation under Complete Tex. St. 1920, art. 6016½, and Rev. St. 1911, art. 3257, upon application by devisee.

**10. Wills ⊚⊃288(1)—Burden rested on contestants to set aside probate of will (Rev. St. 1911, art. 5699).**

In direct proceeding under Rev. St. 1911, art. 5699, to set aside probate of will, burden of proof rested on contestants.

**11. Action ⊚⊃57(1) — Refusal to consolidate proceeding to set aside probate of will with pending suit by same contestants held proper, where issues were different.**

Refusal to consolidate proceeding to set aside probate of will with suit theretofore filed and pending in district court by same contestants *held* proper, where issues in the suits were foreign to each other.

**12. Action ⊚⊃56—Consolidation of suits is matter resting in discretion of trial court.**

Consolidation of suits is matter resting in discretion of trial court.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Petition by Mary Louisa Howley and husband to set aside order of county court admitting will of Joseph Sweeney, deceased, to probate, opposed by Euphrasia J. Sweeney and others, in which P. E. Gardner and others intervene in proceedings in the district court. From an adverse judgment in county court, petitioners appealed to district court, and, from a judgment in district court refusing to set the probate of the will aside, petitioners appeal. Affirmed.

Waters Davis, W. H. Fryer, and R. E. Cunningham, all of El Paso, for appellants.

W. M. Coldwell, Kemp & Nagle, M. Scarborough, and J. U. Sweeney, all of El Paso, for appellees.

### Statement of Case.

HIGGINS, J. [1] Joseph and Mary E. Sweeney were husband and wife. They had five children, viz., Joseph U., John T. R., George O., Euphrasia Josephine, and Mary Louisa. George died unmarried, intestate, and without issue. He died after his father and before his mother. Prior to the death of Joseph Sweeney, two tracts of land in the city of El Paso were conveyed to Mrs. Sweeney. There is nothing upon the face of the deeds to show that the property belonged to her separate estate. Presumptively it was community. One of the tracts was situate upon El Paso street, and is referred to in this litigation as the Palace Theater property.

Mary Louisa married E. B. Howley. Joseph Sweeney, the father, died May 12, 1906, Mary Sweeney died in February, 1923. Her will of date June 6, 1921, was probated May 29, 1923, in El Paso county. It bequeathed to Mrs Howley, Joseph U., and John T. R. Sweeney, $100 each. The balance of her estate she devised and bequeathed to Euphrasia. hereinafter called Miss Sweeney.

By deed dated January 17, 1914, Mary E

⊚⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Sweeney; joined by three of her children, Joseph U., George O., and Miss Sweeney, conveyed to Rodolfo Cruz the Palace Theater property for the consideration of $61,500. Cruz conveyed said property to P. E. Gardner.

On July 11, 1920, Mary E., Joseph U., John T. R., and Miss Sweeney executed a quitclaim deed covering said property to P. E. Gardner and Vance Fulkerson. It recites that it was executed for the purpose of correcting a misdescription of the property in the former deed to Cruz; and that since the execution of the deed to Cruz, George Sweeney had died unmarried and without issue, leaving the grantors as his only heirs. The deed recites:

"That at the time of the death of Joseph Sweeney, husband of Mary E. Sweeney, he left as his only heirs, his wife, Mary E. Sweeney, and his children Joseph U. Sweeney, George O. Sweeney, Miss E. J. Sweeney, and John T. R. Sweeney."

On September 13, 1921, Gardner conveyed the property to Juan Terrazas by general warranty deed for a recited consideration of $70,000.

On May 21, 1924, Miss Sweeney filed her application in the county court of El Paso county to probate the will of her father, Joseph Sweeney. The will offered for probate was dated June 28, 1900, and gave to his wife, Mary E. Sweeney, for life all real estate with remainder to his children, Joseph U., John T. R., George O., and Miss Sweeney. To Mrs. Howley $1 was given, the will reciting that she had received her portion of the estate when she married.

In her application to probate the will Miss Sweeney set up the death of Joseph Sweeney in El Paso on May 12, 1906; the execution of the will which was filed with the application; that at the time of his death he left an estate situate in El Paso county consisting of wearing apparel, household and kitchen furniture of the probable value of $100; that about 1880 Mrs. Mary E. Sweeney had purchased certain real estate in El Paso, and petitioner had always been informed and believed that it was paid for out of the separate estate of Mrs. Sweeney, but the deeds did not so recite nor contain other words showing that it was conveyed to Mrs. Sweeney as her separate property; that Joseph Sweeney and his wife being inexperienced supposed the deeds to Mrs. Sweeney vested title in her as her separate estate; that Mrs. Sweeney remained in possession of the real estate claiming it as her separate estate until she sold it; that from the proceeds of the sale her mother had given her $23,000; she then set up the will of Mrs. Sweeney and its contents and her death in February, 1923, and since the death of her mother, Mrs. Howley for the first time was asserting that such real estate was community property of Joseph Sweeney and that she was interested therein. She also set up her inexperience and other matters in avoidance of her failure to sooner offer the will for probate.

The citation upon this application was served but posting under article 3257, R. S. 1911, instead of by publication in a newspaper under article 6016½, Complete Tex. St. 1920.

By order dated September 10, 1923, the application of Miss Sweeney was granted and the will admitted to probate, the order reciting that citation had been served and returned in the manner and for the length of time required by law. The order contained a finding that Miss Sweeney was not in default in failing to present the will for probate within four years after the death of Joseph Sweeney. The order contained other findings usual in such decrees and upon its face is in due form.

On September 18, 1923, Mrs. Howley and husband filed in the county court their petition complaining of Miss Sweeney and seeking to set aside the order of September 10, 1923. The Howleys later filed an amended petition joining Joseph U. and John T. R. Sweeney as parties defendant.

The case was tried in the county court and judgment rendered April 2, 1924, that the plaintiffs Howley take nothing; that the defendants Euphrasia J., Joseph U., and John T. R. Sweeney go hence without day; that the decree of September 10, 1923, be not set aside but remain in full force and effect. From this judgment the Howleys appealed to the district court. In the district court the following proceedings occurred:

Gardner filed his petition in intervention in which he set up conveyance by Mrs. Sweeney and her three children of the Palace Theater property to Cruz; intervener's purchase from the latter and his conveyance to Terrazas by warranty deed; his purchase in good faith, believing the property was the separate property of Mrs. Sweeney; that he did not know of the will of George Sweeney until March 29, 1923, and had no notice of Mrs. Howley's claim. He adopted the allegations of Miss Sweeney in her application to probate the will, and prayed that the judgment of the county court refusing to set aside the original probate be upheld, and in the alternative that the will be probated by the district court.

In the district court the case was submitted upon special issues as follows:

"Question No. 1. Do you find from a preponderance of the evidence that the proponents herein, John T. R. Sweeney, Miss Euphrasia J. Sweeney, and P. E. Gardner, or some of them, were in default in not presenting for probate, as the will of Joseph Sweeney, the instrument herein introduced as the will of Joseph Sweeney, deceased, sooner than the said instrument was presented for probate?"

"If you answer, 'Yes,' to the preceding question, then answer:

"Question No. 2. Which of said proponents do you find was in default?

"Question No. 3. Was the value of the estate of Joseph Sweeney, deceased, at the time of his death, $1,000 or more?"

"Question No. 5, requested by the Howleys. Do you find the property attempted to be conveyed by the will of Joseph Sweeney, deceased, was greater than $1,000 in value, and that no notice was given by publication thereof in any newspaper?"

Questions 1, 3, and 5 were answered, "Yes." Question 2 was answered: "John T. R. Sweeney and Miss Euphrasia Sweeney."

Judgment was rendered that the order of the county court dated September 10, 1923, probating the will of Joseph Sweeney, be not set aside; that the application of the Howleys to set aside the probate of the will be denied, and its probate was in all things upheld.

The Howleys appeal. No motion for new trial was filed, but appellants in due time filed assignments of error in the court below.

### Conclusions of Law.

[2] The objections to consideration of the assignments are not well taken. Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667, and cases there cited.

[3] Appellees also object to consideration of the propositions presented by appellants because not briefed in acordance with the rules. The practice of this court is not to decline consideration of questions presented simply because of a breach of the rules of briefing. Pierce Oil Co. v. Carroll (Tex. Civ. App.) 277 S. W. 220; Crawford v. El Paso L. I. Co. (Tex. Civ. App.) 201 S. W. 233.

It is contended the judgment rendered is contrary to the findings made. The appellants' theory is that the finding that Miss Sweeney was in default in not sooner presenting the will for probate required the rendition of judgment in their favor; and the last two findings establish that service of citation upon her application in the county court should have been made by publication in a newspaper as required by article 6016½, Complete Texas Statutes, instead of by posting under article 3257, as was done. The appellants would be correct in their theory that the finding upon the issue of default on Miss Sweeney's part required a judgment in their favor if she were the only person seeking in this proceeding to now probate the will or to uphold the judgment of the county court admitting the will to probate. But, for reasons to be now stated, neither the finding stated nor the attack upon the manner of service of the citation prevented the district court from probating the will upon the application of Gardner.

[4] Gardner acquired title to the Palace Theater under deeds from all of the parties except Mrs. Howley, to whom Joseph Sweeney's apparent community interest in such property passed under his will. There is evidence that Gardner purchased in good faith believing that the parties under whom he claimed were the only heirs at law of Joseph Sweeney. He knew nothing about Mrs. Howley until he was sued by her. As such purchaser he was entitled to ask for its probate as a muniment of title, and the default of Miss Sweeney did not affect his right in that respect. Article 3262, R. S. 1911; Masterson v. Harris, 107 Tex. 73, 174 S. W. 570; St. Mary's Orphan Asylum v. Masterson (Tex. Civ. App.) 122 S. W. 587; Vidaurri's Estate v. Bruni (Tex. Civ. App.) 156 S. W. 315.

[5] Appellants claim he is no longer an interested party entitled to have the will probated, because it was shown the Howleys had given his vendee, Terrazas, a quitclaim deed for the property. But the record shows that he has been involved in litigation with the Howleys respecting the property, and although it seems the suit has been dismissed there is nothing to prevent it being refiled. Gardner is entitled to have the will probated so as to protect him against possible future trouble from Mrs. Howley.

[6] Gardner had the right to intervene in the district court and there ask for the probate of the will. Elwell v. Unionsalist, 76 Tex. 514, 13 S. W. 552; Phelps v. Ashton, 30 Tex. 345; Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618; Harrell v. Traweek, 49 Tex. Civ. App. 417, 108 S. W. 1021; Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435; Pipkin v. Turner (Tex. Civ. App.) 277 S. W. 221; Arredondo v. Arredondo (Tex. Civ. App.) 25 S. W. 336; Eubanks v. Jackson (Tex. Civ. App.) 280 S. W. 243.

[7] The necessary implication of the jury's findings and the presumed finding by the court is that Gardner was not in default. Earlier action upon his part after learning of the will was excused by its probate in the county court, upon Miss Sweeney's application. Franks v. Chapman, 61 Tex. 576.

[8] The probate upon her application inured to his benefit. Masterson v. Harris, 107 Tex. 73, 174 S. W. 570.

The judgment of the trial court did not in terms probate the will upon Gardner's application, but that was its practical effect. It would have been a mere matter of form to set aside the judgment of the county court probating the will upon Miss Sweeney's application and then probate it upon Gardner's application.

[9] All parties at interest being before the court, it was competent to probate the will upon Gardner's application regardless of the sufficiency of the service of citation upon Miss Sweeney's application. Franks v. Chapman, 61 Tex. 576.

For the reasons stated, the will was properly probated upon Gardner's application.

[10] This being a direct proceeding under article 5699, R. S. 1911, to set aside the probate of the will, the burden of proof rested upon appellants, and the court did not err in so charging. Fowler v. Stagner, 55 Tex. 393;

Beazley v. Denson, 40 Tex. 416; Franklin v. Boone, 39 Tex. Civ. App. 597, 88 S. W. 262.

[11, 12] The court did not err in refusing to consolidate this proceeding with the suit theretofore filed and pending in the district court by the Howleys. The issues in the suits were foreign to each other and the suits should not have been consolidated. Besides, that was a matter resting in the discretion of the trial court. There was certainly no abuse of that discretion.

Upon the conclusions of law stated we are of the opinion the judgment should be affirmed, and it is so ordered.

Affirmed.